UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICIA A. DIAZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:17-cv-314 |
| LELAND DUDEK[1], Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's Unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 23] filed by Cody T. Marvin, counsel for the plaintiff, Patricia A. Diaz, on April 23, 2025. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Patricia A. Diaz, filed an application for Disability Insurance benefits and supplemental security income on June 24, 2009, alleging a disability onset date of June 1, 2005. [DE 16]. In February 2011, after a hearing, an administrative law judge ("ALJ") denied her claim for benefits. [DE 17]. Plaintiff requested review by the Appeals Council, which also denied her request in October 2011. *Id.* Plaintiff initiated civil action in this Court for judicial review of the denial of her application for benefits on September 30, 2013. *Id.* The Agency provided Plaintiff with a second hearing before an ALJ in December 2014. In February 2015, the ALJ issued an unfavorable decision. Plaintiff again appealed to this Court, which granted a joint motion to remand in January 2016. After a third hearing in February 2017, the ALJ issued another unfavorable decision. Plaintiff then filed

---

[1] Carolyn W. Colvin was the original Defendant in this case. She was sued in her capacity as a public officer. On February 16, 2025, Leland Dudek became the acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek has been automatically substituted as a party.

this action to appeal the ALJ's decision. [DE 1]. This Court remanded the Commissioner's decision in 2018. [DE 19].

Following this Court's remand, an ALJ approved Plaintiff's claim for Disability Insurance benefits. [DE 23-1]. The Social Security Administration issued a Notice of Award letter dated March 30, 2025. Plaintiff was awarded past-due benefits in the amount of $152,503.00, 25% of which is $38,125.75. Plaintiff agreed to pay Attorney Marvin 25% of all past-due benefits awarded to her and any beneficiaries by the Administration.

Plaintiff filed an agreed motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in December of 2018. [DE 21]. On December 21, 2018, this Court granted the request and awarded Plaintiff $10,400.00 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412. [DE 22]. In total, Plaintiff's counsel has received $20,650.00 in attorney fees under 28 U.S.C. § 2412. [DE 23].

Attorney Marvin asks the court to authorize an award of attorney fees in the amount of $38,125.75 pursuant to 42 U.S.C. § 406(b). Attorney Marvin's motion represents that the Commissioner neither supports or opposes the motion and does not intend on filing his own response. [DE 23]. Therefore, the instant motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the court, *see* 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced

because of an attorney's unjustifiable delay or if the amount of time an attorney has spent on a case is excessive in comparison to the past-due benefits. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Marvin requests $38,125.75 in fees, which is 25% of Plaintiff's past-due benefits. Attorney Marvin contends that the requested fee award is reasonable for the 55.55 hours of legal work he spent representing Plaintiff in federal court. Attorney Marvin's total requested fee would amount to an hourly rate of about $686.33 for attorney time. This calculated rate is within the bounds of reasonableness in this district especially considering that these cases are taken on a contingent fee basis. *See Owsley v. Astrue*, 2010 WL 5173148, at *4 (N.D. Ind. Dec. 14, 2010) (awarding a fee equating to $810 per hour); *Harris v. Colvin*, 2014 WL 3899312 at *4 (N.D. Ind. Aug. 11, 2014) (awarding a fee equating to $647.61 per hour). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee. *Gisbrecht,* 535 U.S. at 789. Attorney Marvin has acknowledged that Plaintiff is entitled to a refund of the $20,650.00 EAJA award that she received.

Based on the foregoing reasons, the court **GRANTS** Plaintiff's Unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 23] and **AWARDS** fees to Attorney Cody T. Marvin in the total amount of $38,125.75. The court **ORDERS** Attorney Marvin to refund the plaintiff, Patricia A. Diaz, the total amount of the previously awarded EAJA fees, $20,650.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 24th day of April, 2025.

/s/ Andrew P. Rodovich
United States Magistrate Judge

3